# Exhibit B

# ROBERTS & HOLLAND LLP
ATTORNEYS AT LAW

**PARTNERS**

MORRIS L. KRAMER
RICHARD A. LEVINE
LARY S. WOLF
HOWARD J. LEVINE
ELLIOT PISEM
JOSEPH LIPARI
NORMAN J. MISHER
STUART J. GROSS
MARK DAVID ROZEN
DAVID E. KAHEN
QUINCY COTTON
ALLEN J. ERREICH
EZRA DYCKMAN
JOANN LUEHRING
MICHAEL J. MILLER
ELLEN SEILER BRODY

WORLDWIDE PLAZA
825 EIGHTH AVENUE, 37TH FLOOR
NEW YORK, NY 10019-7498
TEL (212) 903-8700    FAX (212) 974-3059

5335 WISCONSIN AVENUE, N.W.
SUITE 640
WASHINGTON, DC 20015-2030
TEL (202) 293-3400    FAX (202) 293-0479

www.robertsandholland.com

**COUNSEL**

SANFORD H. GOLDBERG
RONALD A. MORRIS
ARTHUR W. BRILL
LIONEL ETRA
DEBRA G. KOSAKOFF
LANA A. KALICKSTEIN
JESSICA G. WEINBERG

LIBIN S. ZHANG
DANIEL W. STAHL
CHARLES C. SHULMAN
JUDY M. HENSLEY
CHASE B. STEINLAUF
VIVEK A. CHANDRASEKHAR
AARON S. GAYNOR
BENJAMIN P. OKLAN
SARAH H. ABEL

WRITER'S DIRECT NUMBER

(212) 903-8729

December 16, 2015

**VIA EMAIL**
Ward W. Benson, Esq.
U.S. Department of Justice
Tax Division
Ben Franklin Station
Washington, D.C. 20044

    Re:  United States v. Eli Chabot at al.

Dear Mr. Benson:

    I am writing in response to your letter to me dated December 9, 2015. I wrote to you on October 27, 2015 on the same subject.

    The IRS served summonses dated June 20, 2012 on Eli Chabot and Renee Chabot seeking bank account records for the period from January 1, 2006 through December 31, 2009. The IRS summonses, as clarified by a November 16, 2012 letter from IRS counsel, sought "only the documents required to be maintained by the Bank Secrecy Act of 1970 and regulations under that act." It was these clarified summonses that Judge Wolfson ordered enforced in her October 3, 2014 Order, having ruled that the Fifth Amendment privilege against self-incrimination is not a bar to producing records required to be maintained by 31 CFR § 1010.420.

    The relevant "required records" are records described in 31 C.F.R. § 1010.420 under the Bank Secrecy Act of 1970, which requires persons who have a financial interest or signature authority over certain foreign bank accounts to retain certain information with respect to such accounts. In the case of an account in the name of a corporation, the regulations provide that the requisite financial interest only applies to a person who has a more than 50% ownership interest in the corporation.

{00355920-2}

ROBERTS & HOLLAND LLP

    It has been determined that no required records exist that are covered by the IRS summonses, because during the relevant period neither Eli Chabot nor Renee Chabot had the requisite financial interest or signature authority over any foreign bank account as required by 31 C.F.R. § 1010.420. In a letter dated November 17, 2014, I informed IRS Revenue Agent Grasty of this fact in order to comply with the summonses and the District Court's order. Accordingly, as previously discussed, I believe that the Chabots have complied with the Court's Order and that they need not take any other action in order to comply.

                Sincerely,

                Richard A. Levine

RAL

{00355920-2}