WARD W. BENSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-9642
Email: ward.w.benson@usdoj.gov
*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 14-cv-03055 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ELI CHABOT and ) | |
| RENEE CHABOT, ) | |
| ) | |
| Respondents. ) | |

**UNITED STATES OF AMERICA'S RENEWED MOTION FOR AN
INCREASED SANCTION TO COMPEL COMPLIANCE**

This Court should increase the sanction it previously imposed on Eli Chabot in order to coerce complete compliance with the IRS's summons. On August 8, 2018, the United States moved to reopen this case and for an order to show cause why the sanctions on Mr. Chabot should not be increased due to his continued failure to fully comply with the order enforcing the summons. (Dkt. No. 133). He opposed the motion (Dkt. No. 137), and during a conference in chambers, the Court directed the parties to engage in settlement discussions. Those discussions were ultimately unsuccessful.

In January, 2019, Mr. Chabot's counsel produced 86 pages of records from Swiss bank accounts held by "Pelsa Business Inc." and "Benalton Group SA." (Ex. A). The cover letter to

the production stated that "[t]he documents are responsive to the IRS's summonses in this matter and constitute the required records under the Bank Secrecy Act sought by the Government in this pending enforcement proceeding." No explanation whatsoever was given for how these records were obtained after Mr. Chabot's years of insistence that he had no reporting requirement under the BSA and that he had no recollection of owning a business called "Pelsa" or controlling any foreign financial accounts during the period covered by the summons.

In response, undersigned counsel sent a letter to Chabot's counsel indicating that: (1) this production was quite troubling, given attorney Richard Levine's insistence since 2014 that no such records existed; and (2) the records did not meet the requirements of the BSA because they did not show the maximum value in the accounts during each calendar year. (Ex. B). The letter further explained that absent an explanation of the origin of the documents, it was impossible to know whether Chabot had, in fact, fully complied with the summons. The United States, therefore, indicated its intent to seek additional sanctions to either coerce full compliance or to compel Chabot to explain why he was sure that no other documents could be obtained.

Chabot's counsel declined to give any such explanation. Somewhat perplexingly, his reply stated that "[p]roduction of these documents was not an admission that Mr. Chabot was subject to the BSA." (Ex. C). By previously stating that the records were responsive to the summons, which only sought records the BSA required Chabot to retain, he necessarily admitted to having been subject to its reporting requirement. Chabot's counsel also made reference to a change in account numbers for Pelsa's HSBC accounts, which suggests additional knowledge about the nature of the accounts and their history. Ultimately, though, counsel made clear that he would not give the United States any additional information to determine whether full

compliance had been made.  He instead insisted that Chabot's Fifth Amendment privilege excused his client from having to provide any explanation.

Subsequent developments in other litigation strongly suggests that Chabot has not fully complied with the summons.  Chabot's brothers, Morris and Albert, are both contesting deficiency assessments in the U.S. Tax Court.  (Ex's. D and E).  The tax years at issue are 2009 for Morris and 2007-2009 for Albert.  (Both are represented in the Tax Court by Mr. Levine.).

Morris Chabot's responses to the IRS's requests for admission (Ex. F) contain numerous admissions of direct relevance to this proceeding:

- He admitted that in 2009, all three brothers held ownership interests in Pelsa.  (RFA No. 1-3).
- He admitted that in 2009, Pelsa had bank accounts with HSBC in Switzerland.  (RFA No. 4).
- He admitted that he learned of the existence of Pelsa prior to 2009.  (RFA No. 6).
- He admitted that in 2009, all three brothers had an interest in certain accounts Pelsa held with HSBC.  (RFA Nos. 39, 42-46, and 57-66).
- He admitted that in 2009, all three brothers had ownership interests in a Pelsa bank account with Banque Sadfie in Switzerland.  (RFA No. 28, 30, 33, and 34).
- He admitted that in 2009, Benalton Group SA held a bank account with Banque Sadfie in Switzerland and that all three brothers had an ownership interest in Benalton or an interest in the funds it held with Banque Sadfie.  (RFA Nos. 67-70, 74-75, and 80-83).

These admissions by Morris Chabot and the limited document production by Eli Chabot completely undermine all of the prior statements made by or on behalf of Eli Chabot that: (1) Eli Chabot was not subject to the BSA's reporting requirements during 2006-2009; (2) that he had

no way of determining what interest he might have had in any foreign bank accounts during this period; and (3) that even if he had been subject to the reporting requirement, he is currently unable to gain access to any foreign bank records from that period.  For the reasons set forth in the United States' original motion for an increase in sanctions (Dkt. No. 133), the Court should order Eli Chabot to immediately pay all arrears he owes related to the original sanctions order and increase the per diem sanction to $500 until he or his counsel fully explains the origin of these new documents, how their past statements can be reconciled with Morris Chabot's admissions in Tax Court, and why no additional responsive documents can be produced.

Date:  June 26, 2019                                           Respectfully submitted,


                                                               RICHARD E. ZUCKERMAN
                                                               Principal Deputy Assistant Attorney General

                                                               /s/ Ward W. Benson
                                                               WARD W. BENSON
                                                               Trial Attorney, Tax Division
                                                               U.S. Department of Justice
                                                               Post Office Box 227
                                                               Ben Franklin Station
                                                               Washington, D.C. 20044
                                                               Telephone: 202-514-9642
                                                               Email: ward.w.benson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing RENEWED MOTION FOR AN INCREASED SANCTION was filed with the clerk of the court on June 26, 2019, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

/s/ Ward W. Benson
WARD W. BENSON
